UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. JOHNSON,

        Plaintiff,                      Case No. 1:09-cv-482

v.                                          Honorable Paul L. Maloney

THOMAS G. GEORGE et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the complaint with the exception of Plaintiff's Fourth Amendment claim against Defendant Thomas George concerning whether the search was conducted in a reasonable manner.

**Factual Allegations**

Plaintiff is incarcerated in the Straits Correctional Facility, but the events giving rise to his complaint occurred while Plaintiff was being held at the Montcalm County Jail. In his *pro se* complaint, he sues Sergeant Thomas George and the Montcalm County Sheriff's Department.

Plaintiff claims that on December 11, 2008, Defendant George informed Plaintiff that he had a warrant to take a DNA sample from Plaintiff. Plaintiff alleges that the warrant was unrelated to the offense for which he was being held in the Montcalm County Jail.[1] Plaintiff asked to see the warrant and also asked that his attorney be present during the search. George denied both requests. George proceeded to take a DNA sample from Plaintiff in the form of a buccal swab. About a half hour later, George gave Plaintiff a copy of the search warrant. The warrant listed the person to be searched as "Travis Lee Johnson DOB 5/28/83. currently lodged at the Montcalm County Jail, 649 N. State Street, Stanton, MI 48888." (Search Warrant, Appendix A, docket #1-2.) Plaintiff claims that the warrant was invalid because his name is "Chistopher" Lee Johnson, not "Travis" Lee Johnson. Plaintiff further alleges that George knew that his name was Christopher, not Travis, but proceeded with the search anyway. Plaintiff claims that as a result of the illegal search and seizure, he "has suffered and continue[s] to suffer headaches, constipation, stress and rashes." (Compl., 5.)

For relief, Plaintiff seeks an injunction preventing the Montcalm prosecutor's office from using the DNA to prosecute any alleged offense that occurred before the date of the illegal search.

**Discussion**

---

[1] According to the Michigan Department of Corrections Offender Tracking and Information System (OTIS), Plaintiff pleaded guilty in the Montcalm County Circuit Court to attempted larceny from a person. On December 18, 2008, he was sentenced to imprisonment of two to seven-and-a-half years.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly

infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his Fourth Amendment right against unreasonable search and seizure because his first name was incorrectly listed in the search warrant. The Fourth Amendment states:

> [1] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and
>
> [2] no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The first clause, the Reasonableness Clause, provides an overriding check on criminal investigations by the government, prohibiting all "unreasonable searches and seizures." *See Soldal v. Cook County*, 506 U.S. 56, 63, (1992); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 357 (1931). The second clause of the Amendment, the Warrant Clause, sets forth the process for obtaining a warrant to authorize a search. *See Maryland v. Garrison*, 480 U.S. 79, 84-85 (1987); *United States v. Leon*, 468 U.S. 897, 914 (1984). "The two clauses do not stand alone. A search that satisfies the Warrant Clause will generally, but not invariably, satisfy the Reasonableness Clause." *Barranski v. Fifteen Unknown Agents of ATF*, 452 F.3d 433, 438 (6th Cir. 2006).

Under the Warrants Clause, a search warrant may not be issued without "particularly describing the place to be searched, and the persons or things to be searched." U.S. Const. amend. IV. However, an error in description is not automatically fatal to the validity of a search warrant. *United States v. Pelayo-Landero*, 285 F.3d 491, 496 (6th Cir. 2002). The test for determining whether a search warrant describes the person or premises to be searched with sufficient particularity is not whether the description is technically accurate in every detail, but rather whether the description is sufficient to enable

- 4 -

the executing officer to locate and identify the person or premises with reasonable effort, and whether there is any reasonable probability that another person or premises might be mistakenly searched. *Id.* Accordingly, "[c]ourts routinely have upheld warrants . . . where one part of the description of the [person or] premises to be searched is inaccurate, but the description has other parts which identify the [person or] place with particularity." *United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998).

In this case, the remaining information in the warrant was sufficient to satisfy the particularity requirement. According to the Michigan Department of Corrections Offender Tracking and Information System (OTIS), Plaintiff's name is Christopher Lee Johnson and his date of birth is May 28, 1983. Thus, the warrant correctly stated Plaintiff's middle and last names, and his date of birth. In addition, the warrant correctly stated Plaintiff's residence at the Montcalm County Jail. In light of these facts, no reasonable probability existed that the officer would obtain a DNA sample from the wrong person despite the fact that the first name listed on the warrant was inaccurate. Because the description of the person to be searched was sufficient to validate the warrant, the search did not violate Plaintiff's Fourth Amendment rights.

Plaintiff also claims that George refused his request to show him the warrant before the search was executed. To satisfy the Reasonableness Clause, officers not only must obtain a valid warrant but they also must conduct the search in a reasonable manner. *See Dalia v. United States*, 441 U.S. 238, 257 (1979) ("[I]t is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant - subject of course to the general Fourth Amendment protection 'against unreasonable searches and seizures.'") (footnote omitted). The Supreme Court has left open the question whether it is unreasonable for an officer to refuse a request to provide the warrant before the search is conducted when doing so would not create a threat to the officer's safe and effective performance of the search. *See Groh v Ramirez*, 540 U.S. 551, 562 n.5 (2006). This

question is particularly poignant in this case where the search was not of property, but of Plaintiff's person. Because the law is unclear on this issue, the Court will order service of Plaintiff's Fourth Amendment claim against Defendant George regarding the reasonableness of the search. Nevertheless, Defendant George may be entitled to qualified immunity. *See DeArmon v. Burgess*, 388 F.3d 609, 612 (8th Cir. 2004) (recognizing that failure to provide a copy of a search warrant is not a violation of a clearly established constitutional right).

Plaintiff further claims that George refused his request to have his lawyer present during the search. However, the execution of the search warrant did not violate Plaintiff's Sixth Amendment right to counsel because that right had not yet attached. The United States Supreme Court has instructed that the Sixth Amendment right to counsel "does not attach until a prosecution is commenced, that is, at or after the initiation of adversarial judicial criminal proceedings - whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *see also Fellers v. United States*, 540 U.S. 519, 523 (2004); *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). In this case, Plaintiff specifically alleges that the warrant for the DNA sample was unrelated to the offense for which he was being held in the Montcalm County Jail. In other words, the DNA sample was taken in attempt to connect Plaintiff with another uncharged offense. Thus, no prosecution had commenced at the time that the search warrant was executed. Accordingly, Plaintiff cannot establish a violation of his Sixth Amendment right to counsel.

In addition to Defendant George, Plaintiff sues the Montcalm County Sheriff's Department. The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)). Construing

Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Montcalm County. Montcalm County may only be liable under § 1983 when its policy or custom causes the injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff's only surviving claim is that Defendant George executed the warrant in an unreasonable manner when he refused Plaintiff's request to see the warrant before collecting the DNA sample. Plaintiff does not allege that Montcalm County or its Sheriff's Department has a policy or custom of executing search warrants in a unreasonable manner. Accordingly, the Montcalm County Sheriff's Department will be dismissed from this action for failure to state a claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), with the exception of Plaintiff's Fourth Amendment claim against Defendant George concerning whether the search was conducted in a reasonable manner.

An Order consistent with this Opinion will be entered.


Dated:   August 7, 2009                       /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge