UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHRISTOPHER L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-482 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| THOMAS M. GEORGE, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises from the execution of a search warrant authorizing a DNA test executed when plaintiff was a prisoner at the Montcalm County Jail. By opinion and order entered August 7, 2009, Chief Judge Paul Maloney found that most of plaintiff's allegations failed to state a claim upon which relief could be granted. Judge Maloney found that the warrant satisfied the requirements of the Fourth Amendment and that plaintiff's Sixth Amendment rights were not abridged when the warrant was executed in the absence of an attorney. Judge Maloney therefore dismissed all claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), with the exception of plaintiff's Fourth Amendment claim against defendant Sgt. Thomas George, arising from allegations that George executed the warrant in an unreasonable manner.

George thereafter filed an answer, and the court entered a case management order, based upon the status reports filed by each party. The case management order (docket # 16) required all motions to join parties or to amend pleadings to be filed no later than December 2, 2009.

On December 1, 2009, plaintiff attempted to file an amended complaint without leave of court. The court returned the proposed pleading to plaintiff, with directions to file a motion for leave to amend. (*See* docket # 20). Plaintiff then resubmitted his proposed amended complaint accompanied by a motion for leave to file an amended complaint. The motion asserts that the amendment is necessary to identify the defendant previously identified as "John Doe" with his true name, Wayne Blue. The proposed amended complaint, however, does not name Wayne Blue as a defendant, but attempts to add both Sheriff Bill Barnwell and Montcalm County as defendants. The only present defendant, Sgt. Thomas G. George, has objected to the motion to amend.

**Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, and that the court should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court has held that leave to amend should be liberally granted, in the absence of a good reason to do so, such as prejudicial delay, bad faith, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Even under this liberal standard, leave to amend in this case must be denied, as plaintiff's proposed amended pleading is not submitted for the reasons set forth in the motion to amend, contravenes Judge Maloney's previous order, and in all events would be futile.[1]

---

[1] Defendant objects to the proposed amendment on the additional ground that it was submitted after the time set in the case management order. The record shows, however, that plaintiff attempted to submit his amended complaint within the time allowed by the case management order, but that the proposed amendment was rejected because it was not accompanied by a motion to amend. In these circumstances, plaintiff's effort must be deemed timely.

First, it should be obvious that plaintiff's perfunctory effort to justify his proposed amendment is insufficient. The court requires a brief in support of any proposed amended pleading for which leave is necessary, to give the party an opportunity to explain to the court and to the opponent why leave to amend should be granted. *See* W.D. MICH. LCIVR 7.1(a). In the present case, plaintiff's motion asserts that amendment is necessary to identify a "John Doe" defendant as Wayne Blue. Examination of the original complaint shows that plaintiff did not attempt to sue any "John Doe" defendant. Furthermore, the amended complaint does not attempt to name Wayne Blue as a defendant. Consequently, plaintiff's perfunctory motion to amend contains no intelligible justification for the proposed amendment. This, standing alone, is sufficient reason to deny the motion.

Examination of the proposed amendment, moreover, shows that it contravenes Chief Judge Maloney's previous order and would be futile in any event. Judge Maloney allowed this case to proceed only on the claim that defendant George unreasonably executed a search warrant for collection of DNA issued by a magistrate on December 11, 2008. Judge Maloney reviewed the search warrant itself, which was attached to the complaint, and found it to be in compliance with the requirements of the Fourth Amendment. (Op., 4-5). In his proposed amended complaint, plaintiff seeks to add allegations that the search warrant was "illegal." The legality of the search warrant has already been determined by Judge Maloney. Furthermore, plaintiff's new theory of illegality is meritless. Plaintiff challenges the search warrant because it fails to contain an affidavit signed under penalty of perjury. There is, however, no Fourth Amendment requirement that the search warrant "contain" an affidavit, but only that the warrant be supported by an affidavit. A copy of the affidavit is already a party of the record in this case. It is clear that the warrant was supported by an affidavit,

as required by the Fourth Amendment. Amendment to challenge the legality of the warrant on this ground would therefore be futile.

The proposed amendment also seeks to add Montcalm County and its sheriff, Bill Barnwell, as defendants. The only basis for liability is the completely conclusory allegation in paragraph 12 that the county and its sheriff "actively condoned a pattern and practice of violating the Fourth Amendment rights of individuals and the unreasonable execution of search warrants." (¶ 12). Although this kind of conclusory allegation may have been sufficient in the past, it no longer passes muster. As Chief Judge Maloney has noted, a plaintiff's allegations must include more than labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint is required to contain enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's threadbare allegation of a policy or practice, devoid of any specifics, fails to meet this standard.

For the foregoing reasons, plaintiff's motion to amend will be denied.

Dated: March 24, 2010                /s/ Joseph G. Scoville
                                     United States Magistrate Judge