UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTOPHER L. JOHNSON, # 503245, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-482 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| THOMAS G. GEORGE, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The event giving rise to this lawsuit is the collection of a sample of plaintiff's DNA via Buccal swab conducted pursuant to a search warrant on December 11, 2008, while plaintiff was a pretrial detainee at the Montcalm County Jail. Sergeant Thomas G. George of the Montcalm County Sheriff's Office is the defendant. Plaintiff's only remaining claim is that defendant conducted this search in an unreasonable manner in violation of his Fourth Amendment rights, because he allegedly refused to show plaintiff the search warrant before collecting the DNA sample. (8/7/09 Opinion and Order, docket #s 5, 6).

The matter is now before the court on defendant's motion for summary judgment. (docket # 26). On March 24, 2010, the court entered an order notifying plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to the motion within 28 days. After that time, defendant's motion would be considered ready for decision. (docket # 31). Plaintiff

elected not to file a response to defendant's motion. For the reasons set forth herein, I recommend that defendant's motion be granted.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

Although plaintiff elected not to file a response to defendant's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine the movant's summary judgment motion to ensure that he has discharged his initial burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue.[1] On December 11, 2008, plaintiff was a pretrial detainee at the Montcalm County Jail. Defendant is a sergeant with the Montcalm County Sheriff's Office. On December 11, 2008, defendant obtained a search warrant authorizing him to collect a sample of plaintiff's DNA via a Buccal swab collection kit. (docket # 27-3). Defendant

---

[1]Plaintiff's complaint is not verified or submitted under penalty of perjury. It cannot be considered as an affidavit in opposition to defendant's motion. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir.1992).

subsequently obtained the DNA sample. There is no evidence that the sample was obtained before plaintiff received a copy of the search warrant.

Plaintiff entered a plea of guilty to the crime of attempted larceny from a person, and on December 18, 2008, was sentenced to two years-to-seven years and six months' imprisonment. On May 26, 2009, plaintiff filed this lawsuit.

## **Discussion**

The Fourth Amendment prohibits "unreasonable" searches and seizures. *See Soldal v. Cook County*, 506 U.S. 56, 63 (1992). It applies to the States through the Fourteenth Amendment's Due Process Clause. *See Ker v. California*, 374 U.S. 23, 30-31 (1963). Plaintiff alleges that defendant subjected him to an unreasonable search in violation of his Fourth Amendment rights by collecting the DNA sample before showing him the search warrant. Plaintiff has not come forward with evidence supporting his claim. There is no admissible evidence that the search was unreasonable. When faced with defendant's motion for summary judgment, plaintiff had the affirmative obligation to come forward with proof to support his Fourth Amendment claim. *See Celotex*, 477 U.S. at 323. Plaintiff has not done so. Defendant is entitled to judgment in his favor as a matter of law.

Alternatively, defendant is entitled to entry of judgment in his favor on the basis of qualified immunity. When a defendant raises the defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. *See Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009). Plaintiff has not addressed the qualified immunity defense, much less carried his burden. Plaintiff provides no evidence or legal authority indicating that

defendant's actions violated a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *see also Groh v. Ramirez*, 540 U.S. 551, 562 n. 5 (2006); *DeArmon v. Burgess*, 388 F.3d 609, 612 (8th Cir. 2004). As plaintiff has not met his burden to overcome the qualified immunity defense, defendant is entitled to summary judgment on this alternative ground.

## Recommended Disposition

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 26) be granted.

Dated: October 7, 2010            /s/ Joseph G. Scoville
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).